## TrenIN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-KA-00499-COA

**ANTHONY SHORT**                                                       **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                **APPELLEE**

DATE OF JUDGMENT:              04/20/2021
TRIAL JUDGE:                  HON. TOMIKA HARRIS IRVING
COURT FROM WHICH APPEALED:    COPIAH COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANT:      OFFICE OF STATE PUBLIC DEFENDER
                              BY: GEORGE T. HOLMES
                                  ZAKIA HELEN ANNYCE BUTLER
ATTORNEY FOR APPELLEE:        OFFICE OF THE ATTORNEY GENERAL
                              BY: ALEXANDRA LeBRON
DISTRICT ATTORNEY:            DANIELLA SHORTER
NATURE OF THE CASE:           CRIMINAL - FELONY
DISPOSITION:                  AFFIRMED - 05/24/2022
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE WILSON, P.J., McDONALD AND SMITH, JJ.**

**SMITH, J., FOR THE COURT:**

¶1.     After a Copiah County jury convicted Anthony Short of malicious mischief, the Copiah County Circuit Court sentenced Short as a nonviolent habitual offender to serve ten years in the custody of the Mississippi Department of Corrections (MDOC) without eligibility for probation or parole and ordered him to pay $6,217.40 in restitution. On appeal, Short argues that jury instruction S-2, which set forth the elements of the crime, constructively amended his indictment. Because he failed to object to the jury instruction at trial, Short contends that the circuit court committed plain error in giving the instruction.

Upon review, we conclude that the given jury instruction neither prejudiced Short's defense nor resulted in a manifest miscarriage of justice. We therefore find no plain error and affirm Short's conviction and sentence.

**FACTS**

¶2. On February 19, 2020, Jeffrey Brown arrived home to find that every single window of his Chevrolet Suburban and Honda Accord had been shattered. Brown reviewed his home-surveillance footage and observed a man smashing both vehicles' windows with what appeared to be a crowbar. Brown reported the incident to law enforcement, provided law enforcement with the surveillance footage, and identified Short as the man on the video. Short subsequently turned himself in to law enforcement and was charged with the crime.

¶3. At trial, the State admitted into evidence the footage from Brown's home-surveillance video. Brown identified Short as the man in the video. Brown testified that he had known Short since childhood and had observed Short around his neighborhood on an almost daily basis. Brown further testified that the estimated cost to repair the damage to both vehicles exceeded $6,000. Terrell Davis, the law-enforcement officer who investigated the matter, also testified at trial that Short was the man seen in the video footage from Brown's home. Davis stated that he knew Short well and had immediately recognized Short when he watched the surveillance video. Davis further stated he had seen Short around town multiple times each week over the past twenty years and was "100 percent positive" Short was the man on the surveillance video smashing the windows of Brown's vehicles.

2

¶4. The jury found Short guilty of malicious mischief, and the circuit court sentenced Short as a habitual offender to serve ten years in MDOC's custody without eligibility for probation or parole. The circuit court also ordered Short to pay $6,217.40 in restitution. Following the circuit court's denial of his post-trial motions, Short filed a timely appeal from his conviction and sentence.

## DISCUSSION

¶5. Short contends that jury instruction S-2, which set forth the elements of malicious mischief, constructively amended his indictment. Because Short's claim that the "indictment was improperly amended is a question of law, . . . we review [the issue] de novo." *Roberson v. State*, 287 So. 3d 219, 230 (¶25) (Miss. Ct. App. 2017).

¶6. Short acknowledges that he did not object to jury instruction S-2 at trial. "[O]ur [Mississippi] Supreme Court has held that a defendant's failure to object to [a] jury instruction as constructively amending the indictment waives this issue on appeal." *Collins v. State*, 305 So. 3d 1262, 1266 (¶17) (Miss. Ct. App. 2020) (internal quotation marks omitted). Thus, we review Short's argument for plain error and determine whether the circuit court's giving of jury instruction S-2 affected Short's substantive or fundamental rights. *Id.* at 1266-67 (¶¶17, 19). In so doing, we "must determine: (1) whether the trial court deviated from a legal rule; (2) whether the error is plain, clear, or obvious; and (3) whether the error prejudiced the outcome of the trial. Only if the error resulted in a manifest miscarriage of justice will reversal occur." *Id.* at 1267 (¶19) (quoting *Willie v. State*, 204 So. 3d 1268, 1279

3

(¶29) (Miss. 2016)).

¶7.    "A constructive amendment of the indictment occurs when the proof and instructions broaden the grounds upon which the defendant may be found guilty of the offense charged so that the defendant may be convicted without proof of the elements alleged by the grand jury in its indictment." *Id.* at 1266 (¶17) (quoting *Bell v. State*, 725 So. 2d 836, 855 (¶58) (Miss. 1998)).  We recognize that "not all variances between the indictment and instructions constitute a constructive amendment . . . [or] rise to plain error." *Id.* (quoting *Brent v. State*, 296 So. 3d 42, 50 (¶30) (Miss. 2020)).  Instead, we have previously recognized that

> [a]s long as the change does not materially alter [the] facts which are the essence of the offense on the fac[e] of the indictment as it originally stood or materially alter a defense to the indictment as it originally stood in a way that would prejudice the defendant's case, then the amendment is permissible. Determining whether the defendant is prejudiced by the amendment depends on whether a defense under the original indictment would be equally available under the amended indictment.

*Roberson*, 287 So. 3d at 230 (¶25) (citations and internal quotation marks omitted).

¶8.    Here, Short's indictment provided in relevant part that he

> did willfully, unlawfully, feloniously, and maliciously destroy the personal property of Jeffrey Brown[,] to wit: a 2004 Chev[]rolet Suburban and a four-door Honda sedan, by then and there breaking the windows of said vehicles, causing damage in excess of $5,000.00 but less than $25,000.00 in United States currency, contrary to and in violation of Section 97-17-67(1) and Section 97-17-67(4) of the Mississippi Code of 1972, and against the peace and dignity of the State of Mississippi.

¶9.    As given, jury instruction S-2 stated:

> The Court instructs the Jury that if you believe from the evidence in this case, beyond a reasonable doubt, that:

4

(1)    On or about the 19th day of February, 2020, in Copiah County, Mississippi;

(2)    the defendant, Anthony Short, did willfully, unlawfully, feloniously[,] and maliciously destroy the property of Jeffrey Brown;

(3)    with the value of the property destroyed being . . . Five Thousand Dollars ($5,000.00) or more but less than Twenty-five Thousand Dollars ($25,000.00)[;]

then you shall find the said Anthony Short guilty of Malicious Mischief destroying property in value of Five Thousand Dollars ($5,000.00) or more but less than Twenty-five Thousand Dollars ($25,000.00).

If you find that the State has failed to prove any one or more of the essential elements of the crime of Malicious Mischief destroying property in value of Five Thousand Dollars ($5,000.00) or more but less than Twenty-five Thousand Dollars ($25,000.00), beyond a reasonable doubt, then you must find the defendant not guilty.

¶10.    Upon review, we conclude that Short's "indictment gave specific notice of the essential facts, as required by Uniform Rule of Circuit and County Court 7.06, and the proof at trial conformed with [the] facts charged in the indictment." *Roberson*, 287 So. 3d at 231 (¶27) (footnote omitted). As discussed, the indictment charged Short with malicious mischief by "breaking the windows" of Brown's "Chev[]rolet Suburban and a four-door Honda sedan . . . ." Short does not assert that jury instruction S-2 included additional facts of which he lacked notice but rather that the more general nature of the jury instruction "omitted the required finding" contained in the indictment and "substituted a lesser[-] required finding of general property damage." Despite Short's assertions, however, that jury instruction S-2 "modified an essential element of the crime as charged in the indictment,

5

lessened the State's burden, broadened the grounds for conviction, and permitted the jury to convict [him] without proof of the elements alleged by the grand jury in the indictment[,]" the record clearly reflects that the State's evidence at trial conformed with the facts set forth in the indictment. Specifically, the State admitted into evidence the surveillance video, which showed a man whom both Brown and Davis identified as Short, breaking each window of Brown's Chevrolet Suburban and Honda Accord with what appeared to be a crowbar. Thus, the record contains no proof that the variance alleged by Short "materially alter[ed the] facts which [we]re the essence of the offense on the fac[e] of the indictment as it originally stood" or that he somehow lacked notice of the specific charges against him. *Id.* at 230 (¶25) (quoting *Miller v. State*, 740 So. 2d 858, 862 (¶13) (Miss. 1999)).

¶11.    In addition, the record fails to show that the alleged variance "materially alter[ed] a defense to the indictment as it originally stood in a way that would prejudice [Short's] case . . . ." *Id.* (quoting *Miller*, 740 So. 2d at 862 (¶13)). Because Short failed to raise any objection at trial, any alleged variance had to result in "prejudice [to his] defense at trial or [the] den[ial of] his right to a fair trial" to constitute plain error. *Collins*, 305 So. 3d at 1267 (¶20). Short's defense at trial did not rest on an assertion that he destroyed Brown's two vehicles but did so by a means other than breaking their windows. Instead, Short wholly denied any involvement in the crime, and his defense of a general denial remained unaffected by—and equally available despite—any alleged variance between the indictment and jury instruction S-2. "On these facts, we are unable to say any forfeited error in the jury

6

instruction prejudiced [Short's] defense or otherwise affected his substantial right to a fair trial. At most, [any] variance was a slight flaw in the trial that did not seriously affect the fairness of the proceeding." *Id.* at (¶21) (quoting *Faulkner v. State*, 109 So. 3d 142, 147 (¶18) (Miss. Ct. App. 2013)). Because we cannot find that a "plain, clear, or obvious" error occurred or that "a manifest miscarriage of justice" resulted, we decline to find plain error. *Id.* at (¶19) (quoting *Willie*, 204 So. 3d at 1279 (¶29)).

## CONCLUSION

¶12. Because we find no reversible error, we affirm Short's conviction and sentence.

¶13. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND EMFINGER, JJ., CONCUR.**